* 5 0 2 0 6 7 3 4 *

FILED
9/6/2022 2:43 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L008058
Calendar, A
19373385

## IN THE CIRCUIT COURT COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

LAURA YOUNGREN, Individually and as Mother )
and Next of Kin to ELISABETH YOUNGREN, )
a Minor, and JONATHAN YOUNGREN, )
)
        Plaintiffs, )
)
    v. )   Case No. 2022L008058
)
TARGET CORPORATION, d/b/a "SUPER )
TARGET", and TARGET STORES, )
)
        Defendants. )

## COMPLAINT AT LAW

NOW COME Plaintiffs, LAURA YOUNGREN, Individually and as Mother and Next of

Kin to ELISABETH YOUNGREN, a Minor, and JONATHAN YOUNGREN, by and through

their attorneys, Chute O'Malley Knobloch & Turcy, LLC, and for their Complaint against

Defendants, TARGET CORPORATION, d/b/a "SUPER TARGET", and TARGET STORES,

state as follows:

## GENERAL ALLEGATIONS

1.     On September 12, 2020, and at all times material herein, Defendant TARGET

CORPORATION, d/b/a "SUPER TARGET" (hereinafter "TARGET CORPORATION"), owned,

operated, managed, and/or maintained a retail store located at 28201 Diehl Road, in the City of

Warrenville, County of DuPage, and State of Illinois.

2.     On September 12, 2020, and at all times material herein, Defendant TARGET

STORES owned, operated, managed, and/or maintained a retail store located at 28201 Diehl Road,

in the City of Warrenville, County of DuPage, and State of Illinois.

GROUP EXHIBIT A

* 5 0 2 0 6 7 3 4 *

3.      At the date and place aforesaid, Plaintiff LAURA YOUNGREN was lawfully on the premises as a customer at the retail store.

4.      At the date and place aforesaid, Plaintiff LAURA YOUNGREN was approximately 34 weeks pregnant with ELISABETH YOUNGREN.

5.      At the date and place aforesaid, there was a liquid substance on the floor of the retail store.

6.      At the date and place aforesaid, the abovementioned liquid substance constituted an unreasonably dangerous condition for customers and the public, including Plaintiffs.

7.      At the date and place aforesaid, Plaintiff LAURA YOUNGREN slipped and fell on the liquid substance.

### COUNT I – PREMISES LIABILITY
### LAURA YOUNGREN v. TARGET CORPORATION

1-7.     Plaintiff LAURA YOUNGREN restates, realleges, and incorporates by reference paragraphs 1-7 of the General Allegations as paragraphs 1-7 of Count I.

8.      On September 12, 2020, Defendant TARGET CORPORATION, by and through its agents and/or employees, knew, or in the exercise of reasonable care should have known, of the liquid substance located on the premises.

9.      On September 12, 2020, and at all times material herein, Defendant TARGET CORPORATION, by and through its agents and/or employees, had a duty to keep and maintain the aforementioned premises in a safe condition for persons lawfully on the premises, including but not limited to Plaintiff LAURA YOUNGREN.

10.     Notwithstanding said duty, on September 12, 2020, Defendant TARGET CORPORATION, by and through its agents and/or employees, was negligent in one or more of the following respects:

2



a. Improperly operated, managed, maintained and/or controlled the aforementioned premises;

b. Failed to reasonably inspect the premises when the Defendant knew or should have known that such an inspection was necessary to prevent injury to persons lawfully thereon, including Plaintiff;

c. Failed to properly and adequately warn the Plaintiff of the dangerous condition presented by the liquid substance on the premises when the Defendant knew or in the exercise of ordinary care should have known that said warning was necessary to prevent injury to the Plaintiff;

d. Failed to properly remove the liquid substances from the premises when the Defendant knew or in the exercise of ordinary care should have known that said removal was necessary to prevent injury to the Plaintiff;

e. Allowed the liquid substances to exist on the premises in an area frequented by pedestrians, when the Defendant knew or in the exercise of ordinary care should have known that this would create a dangerous condition for pedestrians on its premises, in particular the Plaintiff; and/or

f. Was otherwise careless and/or negligent.

11. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff LAURA YOUNGREN sustained personal and pecuniary injuries.

WHEREFORE, Plaintiff, LAURA YOUNGREN, prays for judgment against Defendant, TARGET CORPORATION, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this suit and whatever further relief this Court deems just and reasonable.

## COUNT II – PREMISES LIABILITY
## LAURA YOUNGREN v. TARGET STORES

1-7. Plaintiff LAURA YOUNGREN restates, realleges, and incorporates by reference paragraphs 1-7 of the General Allegations as paragraphs 1-7 of Count II.

3

* 5 0 2 0 6 7 3 4 *

8.      On September 12, 2020, Defendant TARGET STORES, by and through its agents and/or employees, knew, or in the exercise of reasonable care should have known, of the liquid substance located on the premises.

9.      On September 12, 2020, and at all times material herein, Defendant TARGET STORES, by and through its agents and/or employees, had a duty to keep and maintain the aforementioned premises in a safe condition for persons lawfully on the premises, including but not limited to Plaintiff LAURA YOUNGREN.

10.     Notwithstanding said duty, on September 12, 2020, Defendant TARGET STORES, by and through its agents and/or employees, was negligent in one or more of the following respects:

a.  Improperly operated, managed, maintained and/or controlled the aforementioned premises;

b.  Failed to reasonably inspect the premises when the Defendant knew or should have known that such an inspection was necessary to prevent injury to persons lawfully thereon, including Plaintiff;

c.  Failed to properly and adequately warn the Plaintiff of the dangerous condition presented by the liquid substance on the premises when the Defendant knew or in the exercise of ordinary care should have known that said warning was necessary to prevent injury to the Plaintiff;

d.  Failed to properly remove the liquid substance from the premises when the Defendant knew or in the exercise of ordinary care should have known that said removal was necessary to prevent injury to the Plaintiff;

e.  Allowed the liquid substance to exist on the premises in an area frequented by pedestrians, when the Defendant knew or in the exercise of ordinary care should have known that this would create a dangerous condition for pedestrians on its premises, in particular the Plaintiff; and/or

f.  Was otherwise careless and/or negligent.

11.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff LAURA YOUNGREN sustained personal and pecuniary injuries.

4

*502067 34*

WHEREFORE, Plaintiff, LAURA YOUNGREN, prays for judgment against Defendant, TARGET STORES, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this suit and whatever further relief this Court deems just and reasonable.

## COUNT III – FAMILY EXPENSE ACT
## LAURA YOUNGREN v. TARGET CORPORATION

1-7.    Plaintiff LAURA YOUNGREN restates, realleges, and incorporates by reference paragraphs 1-7 of the General Allegations as paragraphs 1-7 of Count III.

8.    Pursuant to 750 ILCS 65/15 (Family Expense Act), Plaintiff LAURA YOUNGREN seeks reimbursement for medical expenses paid on the behalf of ELISABETH YOUNGREN, who was a minor at the time of the incident.

WHEREFORE, Plaintiff, LAURA YOUNGREN, prays for judgment against Defendant, TARGET CORPORATION, in an amount equal to the amount of expenses as expressed in 735 ILCS 65/15.

## COUNT IV – FAMILY EXPENSE ACT
## LAURA YOUNGREN v. TARGET STORES

1-7.    Plaintiff LAURA YOUNGREN restates, realleges, and incorporates by reference paragraphs 1-7 of the General Allegations as paragraphs 1-7 of Count IV.

8.    Pursuant to 750 ILCS 65/15 (Family Expense Act), Plaintiff LAURA YOUNGREN seeks reimbursement for medical expenses paid on the behalf of ELISABETH YOUNGREN, who was a minor at the time of the incident.

WHEREFORE, Plaintiff, LAURA YOUNGREN, prays for judgment against Defendant, TARGET STORES, in an amount equal to the amount of expenses as expressed in 735 ILCS 65/15.

5



* 5 0 2 0 6 7 3 4 *

## COUNT V – LOSS OF SOCIETY, CONSORTIUM, AND SPOUSAL SERVICES
## JONATHAN YOUNGREN v. TARGET CORPORATION

1-7.    Plaintiff JONATHAN YOUNGREN restates, realleges, and incorporates by reference paragraphs 1-7 of the General Allegations as paragraphs 1-7 of Count V.

8.      On September 12, 2020, Defendant TARGET CORPORATION, by and through its agents and/or employees, knew, or in the exercise of reasonable care should have known, of the liquid substance located on the premises.

9.      On September 12, 2020, and at all times material herein, Defendant TARGET CORPORATION, by and through its agents and/or employees, had a duty to keep and maintain the aforementioned premises in a safe condition for persons lawfully on the premises.

10.     Notwithstanding said duty, on September 12, 2020, Defendant TARGET CORPORATION, by and through its agents and/or employees, was negligent in one or more of the following respects:

   a.   Improperly operated, managed, maintained and/or controlled the aforementioned premises;

   b.   Failed to reasonably inspect the premises when the Defendant knew or should have known that such an inspection was necessary to prevent injury to persons lawfully thereon, including Plaintiff;

   c.   Failed to properly and adequately warn the Plaintiff of the dangerous condition presented by the liquid substance on the premises when the Defendant knew or in the exercise of ordinary care should have known that said warning was necessary to prevent injury to the Plaintiff;

   d.   Failed to properly remove the liquid substance from the premises when the Defendant knew or in the exercise of ordinary care should have known that said removal was necessary to prevent injury to the Plaintiff;

   e.   Allowed the liquid substance to exist on the premises in an area frequented by pedestrians, when the Defendant knew or in the exercise of ordinary care should have known that this would create a dangerous condition for pedestrians on its premises, in particular the Plaintiff; and/or

6

f.  Was otherwise careless and/or negligent.

11.  As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff LAURA YOUNGREN sustained personal and pecuniary injuries.

12.  At the date and time aforesaid, and at all times relevant herein, Plaintiffs LAURA YOUNGREN and JONATHAN YOUNGREN were lawfully married spouses.

13.  As a direct and proximate result of one or more of the above acts and/or omissions above, Plaintiff, JONATHAN YOUNGREN, suffered from the loss of consortium of his spouse, LAURA YOUNGREN.

WHEREFORE, Plaintiff, JONATHAN YOUNGREN, prays for judgment against Defendant, TARGET CORPORATION, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this suit and whatever further relief this Court deems just and reasonable.

## COUNT VI – LOSS OF SOCIETY, CONSORTIUM, AND SPOUSAL SERVICES
### JONATHAN YOUNGREN v. TARGET STORES

1-7.  Plaintiff JONATHAN YOUNGREN restates, realleges, and incorporates by reference paragraphs 1-7 of the General Allegations as paragraphs 1-7 of Count VI.

8.  On September 12, 2020, Defendant TARGET STORES, by and through its agents and/or employees, knew, or in the exercise of reasonable care should have known, of the liquid substance located on the premises.

9.  On September 12, 2020, and at all times material herein, Defendant TARGET STORES, by and through its agents and/or employees, had a duty to keep and maintain the aforementioned premises in a safe condition for persons lawfully on the premises.

10.  Notwithstanding said duty, on September 12, 2020, Defendant TARGET STORES, by and through its agents and/or employees, was negligent in one or more of the following respects:

\* 5 0 2 0 6 7 3 4 \*

a. Improperly operated, managed, maintained and/or controlled the aforementioned premises;

b. Failed to reasonably inspect the premises when the Defendant knew or should have known that such an inspection was necessary to prevent injury to persons lawfully thereon, including Plaintiff;

c. Failed to properly and adequately warn the Plaintiff of the dangerous condition presented by the liquid substance on the premises when the Defendant knew or in the exercise of ordinary care should have known that said warning was necessary to prevent injury to the Plaintiff;

d. Failed to properly remove the liquid substance from the premises when the Defendant knew or in the exercise of ordinary care should have known that said removal was necessary to prevent injury to the Plaintiff;

e. Allowed the liquid substance to exist on the premises in an area frequented by pedestrians, when the Defendant knew or in the exercise of ordinary care should have known that this would create a dangerous condition for pedestrians on its premises, in particular the Plaintiff; and/or

f. Was otherwise careless and/or negligent.

11.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff LAURA YOUNGREN sustained personal and pecuniary injuries.

12.     At the date and time aforesaid, and at all times relevant herein, Plaintiffs LAURA YOUNGREN and JONATHAN YOUNGREN were lawfully married spouses.

13.     As a direct and proximate result of one or more of the above acts and/or omissions above, Plaintiff, JONATHAN YOUNGREN, suffered from the loss of consortium of his spouse, LAURA YOUNGREN.

WHEREFORE, Plaintiff, JONATHAN YOUNGREN, prays for judgment against Defendant, TARGET STORES, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this suit and whatever further relief this Court deems just and reasonable.

8

* 5 0 2 0 6 7 3 4 *

## COUNT VII – FAMILY EXPENSE ACT
## JONATHAN YOUNGREN v. TARGET CORPORATION

1-7.    Plaintiff JONATHAN YOUNGREN restates, realleges, and incorporates by reference paragraphs 1-7 of the General Allegations as paragraphs 1-7 of Count VII.

8.    Pursuant to 750 ILCS 65/15 (Family Expense Act), Plaintiff JONATHAN YOUNGREN seeks reimbursement for medical expenses paid on the behalf of ELISABETH YOUNGREN, who was a minor at the time of the incident.

WHEREFORE, Plaintiff, JONATHAN YOUNGREN, prays for judgment against Defendant, TARGET CORPORATION, in an amount equal to the amount of expenses as expressed in 735 ILCS 65/15.

## COUNT VIII – FAMILY EXPENSE ACT
## JONATHAN YOUNGREN v. TARGET STORES

1-7.    Plaintiff JONATHAN YOUNGREN restates, realleges, and incorporates by reference paragraphs 1-7 of the General Allegations as paragraphs 1-7 of Count VIII.

8.    Pursuant to 750 ILCS 65/15 (Family Expense Act), Plaintiff JONATHAN YOUNGREN seeks reimbursement for medical expenses paid on the behalf of ELISABETH YOUNGREN, who was a minor at the time of the incident.

WHEREFORE, Plaintiff, JONATHAN YOUNGREN, prays for judgment against Defendant, TARGET STORES, in an amount equal to the amount of expenses as expressed in 735 ILCS 65/15.

## COUNT IX –PREMISES LIABILITY
## LAURA YOUNGREN, as Mother and Next of Kin to ELISABETH YOUNGREN, a Minor, v. TARGET CORPORATION

1-7.    Plaintiff restates, realleges, and incorporates by reference paragraphs 1-7 of the General Allegations as paragraphs 1-7 of Count IX.

9

*502067 34*

8.      On September 12, 2020, Defendant TARGET CORPORATION, by and through its agents and/or employees, knew, or in the exercise of reasonable care should have known, of the liquid substance located on the premises.

9.      On September 12, 2020, and at all times material herein, Defendant TARGET CORPORATION, by and through its agents and/or employees, had a duty to keep and maintain the aforementioned premises in a safe condition for persons lawfully on the premises, including but not limited to ELISABETH YOUNGREN, whose gestational age at the time of the subject incident was approximately 34 weeks.

10.     Notwithstanding said duty, on September 12, 2020, Defendant TARGET CORPORATION, by and through its agents and/or employees, was negligent in one or more of the following respects:

a.  Improperly operated, managed, maintained and/or controlled the aforementioned premises;

b.  Failed to reasonably inspect the premises when the Defendant knew or should have known that such an inspection was necessary to prevent injury to persons lawfully thereon, including Plaintiff;

c.  Failed to properly and adequately warn the Plaintiff of the dangerous condition presented by the liquid substance on the premises when the Defendant knew or in the exercise of ordinary care should have known that said warning was necessary to prevent injury to the Plaintiff;

d.  Failed to properly remove the liquid substance from the premises when the Defendant knew or in the exercise of ordinary care should have known that said removal was necessary to prevent injury to the Plaintiff;

e.  Allowed the liquid substance to exist on the premises in an area frequented by pedestrians, when the Defendant knew or in the exercise of ordinary care should have known that this would create a dangerous condition for pedestrians on its premises, in particular the Plaintiff; and/or

f.  Was otherwise careless and/or negligent.

10

11.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, ELISABETH YOUNGREN sustained injuries *in utero*.

12.    The aforementioned injuries sustained by ELISABETH YOUNGREN caused her to be born with numerous birth and developmental defects of a personal, permanent, and pecuniary nature.

WHEREFORE, Plaintiff, LAURA YOUNGREN, as Mother and Next of Kin to ELISABETH YOUNGREN, a Minor, prays for judgment against Defendant, TARGET CORPORATION, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this suit and whatever further relief this Court deems just and reasonable.

## COUNT X –PREMISES LIABILITY
### LAURA YOUNGREN, as Mother and Next of Kin to ELISABETH YOUNGREN, a Minor, v. TARGET STORES

1-7.    Plaintiff restates, realleges, and incorporates by reference paragraphs 1-7 of the General Allegations as paragraphs 1-7 of Count X.

8.    On September 12, 2020, Defendant TARGET STORES, by and through its agents and/or employees, knew, or in the exercise of reasonable care should have known, of the liquid substance located on the premises.

9.    On September 12, 2020, and at all times material herein, Defendant TARGET STORES, by and through its agents and/or employees, had a duty to keep and maintain the aforementioned premises in a safe condition for persons lawfully on the premises, including but not limited to ELISABETH YOUNGREN, whose gestational age at the time of the subject incident was approximately 34 weeks.

10.    Notwithstanding said duty, on September 12, 2020, Defendant TARGET STORES, by and through its agents and/or employees, was negligent in one or more of the following respects:

11

* S 0 2 0 6 7 3 4 *

a.  Improperly operated, managed, maintained and/or controlled the aforementioned premises;

b.  Failed to reasonably inspect the premises when the Defendant knew or should have known that such an inspection was necessary to prevent injury to persons lawfully thereon, including Plaintiff;

c.  Failed to properly and adequately warn the Plaintiff of the dangerous condition presented by the liquid substance on the premises when the Defendant knew or in the exercise of ordinary care should have known that said warning was necessary to prevent injury to the Plaintiff;

d.  Failed to properly remove the liquid substance from the premises when the Defendant knew or in the exercise of ordinary care should have known that said removal was necessary to prevent injury to the Plaintiff;

e.  Allowed the liquid substance to exist on the premises in an area frequented by pedestrians, when the Defendant knew or in the exercise of ordinary care should have known that this would create a dangerous condition for pedestrians on its premises, in particular the Plaintiff; and/or

f.  Was otherwise careless and/or negligent.

11.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, ELISABETH YOUNGREN sustained injuries *in utero*.

12.   The aforementioned injuries sustained by ELISABETH YOUNGREN caused her to be born with numerous birth and developmental defects of a personal, permanent, and pecuniary nature.

WHEREFORE, Plaintiff, LAURA YOUNGREN, as Mother and Next of Kin to ELISABETH YOUNGREN, a Minor, prays for judgment against Defendant, TARGET STORES, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this suit and whatever further relief this Court deems just and reasonable.

Respectfully submitted on behalf of Plaintiffs Laura Youngren, Individually and as Mother and Next of Kin to Elisabeth Youngren, and Jonathan Youngren,

12

* 5 0 . 2 0 6 7 3 4 *

by and through their attorneys, Chute O'Malley Knobloch & Turcy, LLC,

By: /s/ Colin J. O'Malley

One of their attorneys

Colin J. O'Malley
Monika B. Barrett
Chute, O'Malley, Knobloch & Turcy, LLC
218 N. Jefferson St., Suite 202
Chicago, Illinois 60661
312-624-9687 / 312-775-0127
COMalley@ChuteLaw.com / MBarrett@ChuteLaw.com
Firm No. 62647

13

All Law Division initial Case Management Dates will be heard via ZOOM.
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: 11/9/2022 10:00 AM

FILED
9/6/2022 2:43 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L008058
Calendar, A
19373385

## IN THE CIRCUIT COURT COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

LAURA YOUNGREN, Individually and as Mother )
and Next of Kin to ELISABETH YOUNGREN, )
a Minor, and JONATHAN YOUNGREN, )
)
           Plaintiffs, )
)
       v. )     Case No.         2022L008058
)
TARGET CORPORATION, d/b/a "SUPER )
TARGET", and TARGET STORES, )
)
           Defendants. )

## 222(b) AFFIDAVIT

Pursuant to Supreme Court Rule 222(b), the damages sought by the Plaintiff exceed $50,000.00.

Respectfully submitted,

CHUTE O'MALLEY KNOBLOCH & TURCY, LLC.

By: /s/ Colin J. O'Malley
One of their attorneys

Colin J. O'Malley
Monika B. Barrett
Chute, O'Malley, Knobloch & Turcy, LLC
218 N. Jefferson St., Suite 202
Chicago, Illinois 60661
312-624-9687 / 312-775-0127
COMalley@ChuteLaw.com / MBarrett@ChuteLaw.com
Firm No. 62647